UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD REYES,

    Plaintiff,

v.                              Case No. 8:21-cv-976-VMC-TGW

STRADA SERVICES INC.,

    Defendant.
_____/

**ORDER**

This matter is before the Court pursuant to the parties' Joint Motion for Approval of FLSA Settlement and Entry of Stipulated Judgment (Doc. # 73), filed on December 9, 2021. The Court grants the Motion.

**I.    Background**

Plaintiff Richard Reyes filed this Fair Labor Standards Act (FLSA) case against his former employer on April 23, 2021, alleging violations of the overtime provisions of the FLSA. (Doc. # 1). On May 21, 2021, Defendant Strada Services, Inc. filed its answer. (Doc. # 17). Multiple other individuals joined the litigation as opt-in plaintiffs. See, e.g., (Doc. ## 5, 9, 10, 57).

The case proceeded through Court-ordered discovery, and the parties participated in a mediation conference on July

1

16, 2021, that was unsuccessful. (Doc. # 39). On September 27, 2021, this Court denied Reyes's motion seeking conditional certification of this matter as an FLSA collective action. (Doc. # 64). Following several months of additional discovery and Reyes's filing of a motion for reconsideration, the parties filed the instant Motion on December 9, 2021. (Doc. # 73). However, upon review of the Motion, the attached settlement agreement, and the record, the Court directed Reyes to provide additional information about the fees and costs incurred. (Doc. # 74). Reyes has done so (Doc. # 77), and the Motion is ripe for review.

II. **Analysis**

Reyes alleges that Strada violated the overtime provisions of the FLSA. Accordingly, any settlement reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). The parties have reached a settlement wherein it is agreed that Reyes and the Opt-In Plaintiffs will receive $168,500. (Doc. # 73 at 2; Doc. # 73-1 at 2). As explained in an attachment to the Motion, Reyes himself will receive $19,088.66, with the rest allocated among 18 additional opt-in plaintiffs. (Doc. # 73-2). Additionally, Reyes's attorneys will receive $228,875.20, which consists of

$217,000 in attorneys' fees and $11,875.20 in costs. (Doc. # 73 at 2; Doc. # 73-1 at 4).

### A. Attorneys' Fees and Costs

As to attorneys' fees, Reyes submitted additional information to the Court demonstrating that: (1) attorney Mitchell Feldman billed 395.2 hours of time on this matter, at a rate of $425 per hour, for a total of $168,221.99; (2) attorney Benjamin Williams billed 191.40 hours of time on this matter, at a rate of $400 per hour, for a total of $76,560; and (3) attorney Jason Quintus billed 77.07 hours of time on this matter, at a rate of $300 per hour, for a total of $23,120.50. (Doc. ## 77-1, 77-2, and 77-3). Together, their total incurred fees were $267,902.49. (Doc. # 77 at 5). In addition, Reyes represented that he incurred $11,875.20 in costs, consisting of the Court's filing fee, process service fees, mediation fees, and court reporter fees. (Doc. # 77-4).

Reyes's attorneys argue that the total hours expended on this case, and therefore the total fees incurred, were reasonable in light of the extensive amount of work they performed, which included participating in a mediation conference, preparing a motion for conditional certification and a motion for reconsideration of the Court's denial of

3

conditional certification. The parties also represent that they engaged in "full blown, comprehensive informal and formal written discovery, including exchanging tens of thousands of pages of personnel files, time records, payroll records, work orders, emails, thousands of files related to GPS records, and hundreds of additional ESI files." (Doc. # 77 at 4). Plaintiff's counsel also "subpoenaed multiple third-party records, conducted multiple depositions of Strada Services, Inc., officers and employees, and also analyzed and assessed all the payroll records and other Strada records and documents, including GPS records, and prepared numerous complex damages models." (Id. at 4-5). The attached fee ledgers support counsel's representation that most of this work was done after Reyes submitted his initial Answers to the Court's Interrogatories on June 30, 2021.

In addition, the parties point out that Reyes's attorneys seek $217,000 in fees as part of the settlement, which is $50,902.49 less than the incurred fees. (Id. at 6-7). It is also worth noting that Strada agrees that the hours spent and the total amount of fees incurred by Reyes's counsel are reasonable. (Id. at 12-13). In the Motion and in the supplemental response, the parties represent that the attorney's fees to be paid to counsel were negotiated

4

separately and without regard to the amount to be paid to Plaintiffs for alleged FLSA violations. (Doc. # 73 at 10; Doc. # 77 at 11-12).

Although attorney Feldman's stated rate of $425 per hour exceeds the typical hourly rate commanded in similar cases within this District, courts within this District have previously authorized and found to be reasonable an hourly billable rate of $325 or $350 per hour in other FLSA cases. See, e.g., Meeks v. Nocco, Case No. 8:15-cv-1460-SCB-AEP, 2017 WL 203356, at *1-3 (M.D. Fla. Jan. 18, 2017) (adopting the parties' proposed $325.00 hourly rate as a reasonable rate in a FLSA action); Butdorf v. SC Maint., Inc., Case No. 8:15-cv-916-SDM-TGW, 2015 WL 9694516, at *2 (M.D. Fla. Dec. 7, 2015), report and recommendation adopted 2016 WL 112372 (M.D. Fla. Jan. 11, 2016) (awarding an hourly rate of $350.00 in FLSA matter where the attorney held lengthy experience in employment law and the fee request lacked opposition).

Here, with the agreed reduction to $217,000, the effective hourly rate for each attorney in this matter equates to $327 per hour. Because counsel's effective hourly rate is between $325 and $350 per hour, the Court finds such a rate to be reasonable. In addition, upon review of the time records submitted in this case and Strada's lack of opposition to the

5

reasonableness of the hours expended, the Court finds the hours expended to be reasonable as well.

### B. Payments to Plaintiffs

The Court finds the total recovery of $168,500, allocated across Reyes and 18 additional opt-in Plaintiffs, to be reasonable. As the parties point out in their supplemental response, each Plaintiff will receive more than the unpaid overtime wages that he or she claimed and the recovery includes damages for a period of three years. (Doc. # 77 at 8-11).

The parties have reached this settlement because, although they disagree over the merits of Plaintiffs' claims, they mutually wish to avoid the costs of continued litigation and possible trial. (Doc. # 73 at 6-8). According to the Motion, Defendant concluded that further litigation would be "protracted, distracting, and expensive," while Plaintiffs considered the risk and continued expense of litigating this matter through to trial. (Id. at 7-8).

In sum, with this additional information, the Court is satisfied that the FLSA Settlement Agreement proposed here "is a fair and reasonable resolution of a bona fide dispute," and the Court grants the Motion. See Lynn's Food Stores, 679 F.2d at 1355.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED** that:

(1) The parties' Joint Motion for Approval of FLSA Settlement and Entry of Stipulated Judgment (Doc. # 73) is **GRANTED.**

(2) The parties' settlement is approved. This case is **DISMISSED WITH PREJUDICE.** The Court will not retain jurisdiction to enforce any settlement agreement between the parties. This Court does not retain jurisdiction to ensure performance of a settlement agreement because such failure to perform should be addressed in a separate breach of contract action.

(3) The Clerk is directed to **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 3rd day of January, 2022.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE